NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al., | : : : |
| | Civil Action No. 12-3943 (ES) |
| Plaintiffs, | : |
| v. | : |
| M.R. OF AMBOY, LLC, et al. | : OPINION & ORDER |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiffs Service Employees International Union National Industry Pension Fund, Stephen Abrecht, Roderick S. Bashir, Kevin J. Doyle, David A. Stilwell, Steven W. Ford, Larry T. Smith, Frank A. Maxson, Edward Manko, John J. Sheridan, and Myriam Escamilla (collectively, "Plaintiffs") for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), and the Court, having considered Plaintiffs' submissions, and it appearing that:

1. Plaintiffs commenced this civil action on June 27, 2012. (D.E. No. 1).

2. Defendant M.R. of Amboy, LLC was served with a copy of the Summons and Complaint on July 12, 2012. (D.E. No. 4).

3. Defendant H.W. of Amboy, LLC was served with a copy of the Summons and Complaint on July 12, 2012. (D.E. No. 5).

4. The time for answering the Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

5. On August 14, 2012, Plaintiffs requested that the Clerk of Court enter default against Defendants. (D.E. No. 6).

6. On August 14, 2012, the Clerk of Court entered default as to both Defendants. (*See* Docket Entry dated August 14, 2012).

7. On October 19, 2012, Plaintiffs filed the present motion seeking default judgment. (D.E. No. 8).

8. The Court has discretion to award judgment: "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

9. To date, Defendants have not opposed Plaintiffs' motion for default judgment. Thus, the Court accepts the well-pleaded allegations of the Complaint as true and admitted by Defendants. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

10. Plaintiffs have adequately proven their request for damages in the amount of $41,239.86 for delinquent contributions, Pension Protection Act ("PPA") surcharges, interest, and liquidated damages for delinquent contributions. (D.E. No. 10, Supp. Dec. of Amy Sargent).

11. Plaintiffs have also adequately proven their request for damages in the amount of $4,207.00 for attorney's fees and $450.00 court costs. (D.E. No. 8-3, Aff. of Lauren B. Powell).

12. Therefore, the Court concludes that an entry of default judgment in the amount of $45,896.86 against the Defendants is warranted.

Accordingly, IT IS on this 21st day of June 2013,

**ORDERED** that judgment is hereby entered against M.R. of Amoby, LLC and H.W. of Amboy, LLC in favor of Plaintiffs in the total amount of $45,896.86. The total amount of $45,896.86 is comprised of the following:

1. $41,239.86 for delinquent contributions, PPA surcharges, interest, and liquidated damages
2. $4,207.00 for attorney's fees
3. $450 for court costs;

**ORDERED** that Plaintiffs shall submit supplemental briefing of no more than five pages demonstrating why this Court should grant an injunction ordering Defendants to provide the delinquent remittance reports to Plaintiffs.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**